IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KELLY MATA, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : **7 : 12-CV-42 (HL)** |
| MARCUS GALLON, | : |
| | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff filed this diversity action in March 2012, seeking damages from Defendant Gallon based on allegations of negligence in a motor vehicle accident. (Doc. 1). Summons was issued and served on Defendant Gallon on March 15, 2012, with Proof of Service filed with the Court and showing that Defendant Gallon was personally served at an address in Madison, Florida. (Docs. 2, 4). On June 19, 2013, the Plaintiff filed a Motion for Default Judgment as to Defendant Gallon, construed as a Request for Clerk's Entry of Default. (Doc. 23). The Clerk's Entry of Default against Gallon was entered on the docket on June 20, 2013. On June 26, 2013, the Plaintiff filed a Motion for Default Judgment against Defendant Gallon, seeking a default judgment and a hearing on damages. (Doc. 25). This motion has been referred to the undersigned for a damages hearing and a recommendation on the motion and the appropriate amount of damages due the Plaintiff, if any. (Doc. 28).

A hearing on the issues of default judgment and damages was held before the undersigned on October 10, 2013. Plaintiff was present with her counsel. Neither Defendant Gallon nor a representative for Mr. Gallon appeared at the hearing.

*Notification of Defendant Gallon*

By Order dated July 24, 2013, the Court directed the Clerk of Court to serve a copy of the docket reflecting the Entry of Default, and a copy of that Order on Defendant Gallon at both the address listed for Defendant Gallon in the Proof of Service and the address listed for Defendant Gallon in Plaintiff's Complaint. (Doc. 29).  The Court directed the Plaintiff to serve a copy of her Motion for Default Judgment on Defendant Gallon at both the address listed for Defendant Gallon in the Proof of Service and the address listed for Defendant Gallon in Plaintiff's Complaint, and to certify such service with the Court once it was accomplished.  *Id.*   One of the two default notice packets mailed to Defendant Gallon by the Clerk of Court was returned to the Court as undeliverable.   (Doc. 30).

On October 2, 2013, the Court directed the Plaintiff to file with the Court a status report as to her attempts to serve Defendant with her Motion for Default Judgment, or in the alternative, to file with the Court certification of her service of the Defendant, as outlined in the Court's July 24, 2013 Order.   (Doc. 31).   Plaintiff complied with this directive on October 3, 2013, filing a Certificate of Service showing service on Defendant Gallon by certified mail at three different addresses with her Motion for Default Judgment.   (Doc. 32).

At the October 10, 2013 hearing before the undersigned, counsel for the Plaintiff stated that Defendant Gallon had been deposed in this matter as it pertained to former Defendant General Motors, and during his deposition provided a third address in Tallahassee, Florida.   Counsel mailed the Motion for Default Judgment to Defendant Gallon at all three (3) of the addresses linked to Defendant Gallon, including the Tallahassee address, and all of the mailings were returned to Plaintiff's counsel as undeliverable.

*Default Judgment*

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for a sum certain, the plaintiff must apply to the court for a default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(1) and (2).

In reviewing a motion for default judgment, the Court must ensure that the well-pleaded allegations of the complaint actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed.Appx. 860, 863 (11th Cir. 2007); *Kawasaki Motors Finance Corp. v. Tifton Cycles, Inc.*, 2012 WL 4829549 (M.D.Ga. Oct. 10, 2012) (HL). "[A] default is not treated as an absolute confession by the Defendant of his liability and of the Plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "[A] defaulted defendant is deemed to 'admit the plaintiff's well-pleaded allegations of fact'". *U.S. v. Ruetz*, 334 Fed.Appx. 294, 295 (11th Cir. 2009) *quoting Nishimatsu,* 515 F.2d at 1206; *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Thus, the Defendant "is not held to admit facts that are not well-pleaded or to admit to conclusions of law". *Nishimatsu,* 515 F.2d at 1206.

Jurisdiction arises under 28 U.S.C. § 1332, based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000.00. According to Plaintiff's Complaint and the Plaintiff's testimony at the October 10, 2013 hearing, Plaintiff owned the 2006 Chevrolet Malibu that Defendant Gallon, Plaintiff's then-boyfriend, was driving on October 11, 2011 and in

3

which Plaintiff was a passenger. Gallon was speeding and lost control of the car and the car overturned, ejecting Plaintiff. Plaintiff woke up in the woods, and was hospitalized for a total of approximately three (3) weeks for severe injuries including skull fractures, spinal column injuries, loss of her right eye, jaw fractures, and injuries to her neck and back. As a result of the fractures to her jaw and skull, Plaintiff's jaw was wired shut for six (6) weeks and metal plates were placed in her face and head.

Under Georgia law, a party asserting a claim for personal injury has the burden of pleading and proving that defendant owed a duty of care to plaintiff, this duty was breached, and the breach was proximate cause of damages. *Butts v. Williams*, 247 Ga. App. 253, 256, 543 S.E.2d 779 (2000); O.C.G.A. § 51-1-1 (tort defined); § 51-1-2 (ordinary negligence defined); § 51-1-6 (breach of legal duty gives action to injured party for damages); § 51-1-36 (operator of motor vehicle owes to passenger duty of ordinary care). The Court finds that the well-pleaded allegations of Plaintiff's Complaint set forth the basis of Defendant Gallon's liability for breaching a duty of care owed to Plaintiff, which breach proximately caused damage to the Plaintiff.

*Damages*

The Court has the obligation to assure that there is a legitimate basis for any damage award it enters. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "[D]amages may be awarded only if the record adequately reflects the basis for the award via a hearing or demonstration by detailed affidavits". *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

At the October 10, 2013 hearing on damages, Plaintiff testified as to her injuries resulting from the motor vehicle accident, her medical expenses, and her subsequent loss of earnings, and

4

submitted into evidence copies of medical bills and photographic evidence of her injuries. (Plaintiff's Exhibits 1- 5).   Plaintiff continues to suffer back, head and neck pain, vision problems, and concentration issues as a result of the October 2011 accident, and has not been able to return to work.   Plaintiff's medical expenses from the date of the accident through April 18, 2012 total $271,788.66.   (Plaintiff's Exhibit 5).   According to the Plaintiff, prior to the accident she worked at a deli for approximately $150.00 per week, and she has been unable to return to work since the date of accident.   As of the date of the hearing on damages, 104 weeks had elapsed since the date of Plaintiff's accident, resulting in a total loss of earnings in the amount of $15,600.00 ($150.00 x 104).   Plaintiff seeks a total award of $750,000.00, including the amounts for medical expenses and loss of earnings, and an amount for pain and suffering.   No evidence was presented to indicate that Plaintiff's requests for damages were unreasonable or without basis.

| | |
|---|---|
| Medical expenses | $ 271,788.66 |
| Loss of earnings | $   15,600.00 |
| Pain and suffering | $ 462, 611.34 |
| **Total Damage award** | **$ 750,000.00** |

*Conclusion*

   Inasmuch as the Clerk has entered default against Defendant Gallon and the well-pleaded allegations of Plaintiff's Complaint set forth the basis of Defendant Gallon's liability, it is the recommendation of the undersigned that the Plaintiff's Motion for Default Judgment (Doc. 25) be **GRANTED**.   Based on the evidence of damages presented by the Plaintiff and unrefuted by the Defendant, it is further recommended that a final judgment be entered in Plaintiff's favor and against Defendant Gallon in the amount of $750,000.00.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections

to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of October, 2013.

                                                              s/ ***THOMAS Q. LANGSTAFF***

                                                          UNITED STATES MAGISTRATE JUDGE